UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ERIC GARCIA,<br>Defendant. | Case No. MJ26-510-MLP<br>ORDER |

Defendant Eric Garcia has been charged with (1) Attempted Receipt of Child Pornography, 18 U.S.C. §§ 2252(a)(2), (b)(1); and (2) Possession of Child Pornography, 18 U.S.C. §§ 2252(a)(4)(B), (b)(2).

Defendant submitted a Memorandum for Preliminary Hearing, arguing the government lacked probable cause for the receipt charge in Count 1 because receipt necessarily requires shipment of the prohibited material across state lines. (Dkt. # 13 at 2.) At the preliminary hearing, the Court reserved ruling on the finding of probable cause and directed the parties to submit briefing on whether there was sufficient evidence of an interstate nexus to support Count 1. (Dkt. # 19.) The government contends the interstate nexus can be established either by

evidence that the material crossed state or international lines or by evidence that Defendant used the internet to download the material. (Dkt. # 20 at 2.)

The statute at issue here criminalizes conduct involving child sexual abuse material ("CSAM") where a person:

> knowingly receives, or distributes, any visual depiction *using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce*, or which contains materials which have been mailed or so shipped or transported, *by any means including by computer*, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails[.]

18 U.S.C. § 2252(a)(2) (emphasis added).

In *United States v. Brown*, the Ninth Circuit interpreted language identical to the italicized language above in a similar statute criminalizing receiving or distributing a broader category of prohibited materials. 785 F.3d 1337, 1351 (9th Cir. 2015) (citing 18 U.S.C. § 2252A(a)(2)(A)). The Court held that, in amending the statute in 2008, "Congress chose to regulate to the outer limits of its Commerce Clause authority by inserting the 'affecting interstate commerce' language." *Id.* (quoting *United States v. Wright*, 625 F.3d 583, 600 (9th Cir. 2010)). Accordingly, "a conviction for transportation or advertising of [prohibited material] does not require evidence that the material actually crossed state lines." *Id.*

The Court concludes the identical language in § 2252(a)(2) should be interpreted the same way. The complaint charges Defendant with downloading CSAM using the internet. (Dkt. # 1 at 6.) There is no dispute that "'the Internet is an instrumentality and channel of interstate commerce'" and, thus, "interstate transfer of information by means of the internet" satisfies an interstate nexus requirement. *United States v. Sutcliffe*, 505 F.3d 944, 953 (9th Cir. 2007) (quoting *United States v. Trotter*, 478 F.3d 918, 921 (8th Cir. 2007)). Accordingly, here the

government has shown probable cause for a charge of receipt "using any means or facility of interstate or foreign commerce[.]" 18 U.S.C. § 2252(a)(2).

Defendant argues that, under *United States v. Blessett*, a receipt charge "necessarily requires *shipment*" of the prohibited material. (Dkt. # 21 at 1 (quoting 2022 WL 1078096, at *2 (9th Cir. Apr. 11, 2022) (emphasis in original)).) As acknowledged by Defendant, however, this is not an original quote from *Blessett* but rather it is from *Davenport*, a pre-amendment opinion. *United States v. Davenport*, 519 F.3d 940, 944 (9th Cir. 2008) ("Moreover, both parties recognize that the receipt provision necessarily requires shipment of the pornography, while the possession provision may meet the interstate commerce nexus either by shipment or by alternative means."). Rather the Ninth Circuit in *Blessett* explained:

> The elements of receipt under § 2252(a)(2) require that a person "knowingly receive[ ], or distribute[ ], any visual depiction" of a minor engaging in sexually explicit conduct. *See* 18 U.S.C. § 2252(a)(2). Section 2252(a)(2) also requires an interstate commerce nexus, which may be satisfied by showing either (1) that the defendant received the visual depiction ["]using any means or facility of interstate or foreign commerce"; or (2) that the visual depiction is one "that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer."

*Blessett*, 2022 WL 1078096 at *2 (first two alterations in original).

*Blessett* involved a separate question than the one presented here. In *Blessett*, the prosecution proceeded to trial against the defendant on one count of possession which it believed was the lesser-included offense of receipt—the only charge in the superseding indictment. The Ninth Circuit vacated the conviction holding that "the jury could have convicted Blessett based on the view that he had copied images onto devices shipped in interstate commerce[.]" *Blessett*, 2022 WL 1078096, at *3. This finding would sustain a possession charge but not the receipt charge in the superseding indictment. The Ninth Circuit concluded that the two ways to establish

an interstate commerce nexus for receipt did not include copying images onto a device shipped in interstate commerce. This would satisfy a possession charge but not a receipt charge. Loosely stated, receipt requires either that the visual depictions themselves be shipped in interstate commerce or that the defendant "received the visual depictions" using a means or facility of interstate commerce, such as the internet. Here, one of the allegations in the complaint is that Mr. Garcia attempted to receive a visual depiction using any means and facility of interstate and foreign commerce. This allegation is supported by probable cause.

For the foregoing reasons, the Court concludes probable cause has been satisfied for Count 1.

Dated this 2nd day of September, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge